UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL K. OLDFIELD,

Plaintiff,

Case No. 3:08CV317/RS-EMT

v.

DOLGENCORP, INC. d/b/a
DOLLAR GENERAL STORES,

Defendant.

_____/


## ORDER

      Before me are Defendant Dolgencorp, Inc.'s Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 27), Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 37), and Defendant's Reply in Support of its Motion for Summary Judgment (Doc. 41).

### I. STANDARD OF REVIEW

      Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265

(1986). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)). A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512. The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598,

1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115

(11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed

facts, then a court should deny summary judgment." *Miranda v. B & B Cash*

*Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank*

*& Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However,

"[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will

not suffice; there must be enough of a showing that the jury could reasonably find

for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing*

*Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

## II. FACTS

On August 31, 2007, Plaintiff filed discrimination charges against Defendant

with the Florida Commission on Human Relations and the Equal Employment

Opportunity Commission.  On October 12, 2007, Plaintiff filed a voluntary petition

for bankruptcy but did not include her discrimination charge against Defendant in

the petition.  Plaintiff amended her petition four times to add creditors.  None of

the amendments disclosed Plaintiff's pending discrimination charge.  Plaintiff's

bankruptcy action was discharged on February 5, 2008. On June 16, 2008, Plaintiff filed this claim in state court, and Defendant removed it.

## III. ANALYSIS

Judicial estoppel, an equitable doctrine, precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim made by that party in a previous proceeding." *Casanova v. Pre Solutions, Inc.*, 228 Fed. Appx. 837, 840 (11th  Cir. 2007) (*citing Barger v. City of Cartersville*, 348 F.3d 1289, 1293 (11th Cir. 2003)).  This doctrine can be invoked at the court's discretion in order to protect the integrity of the judicial process. *New Hampshire v. Maine*, 532 U.S. 742, 749-750, 121 S. Ct. 1808, 1814-1815, 149 L. Ed. 2d 968 (2001).

Both parties agree that the omission of the discrimination charge against Defendant with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission on Plaintiff's petition for bankruptcy is inconsistent with this lawsuit.  Two factors are considered to determine if judicial estoppel applies: (1) the inconsistent positions were made under oath at a prior proceeding, and (2) the inconsistencies were "calculated to make a mockery of the judicial system." *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1285 (11th Cir. 2002) (*citing Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308

(11th Cir. 2001)).  Plaintiff signed the bankruptcy petition under oath.  If Plaintiff's inconsistency was inadvertent, it cannot be "calculated to make a mockery of the judicial system." *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1287 (11th Cir. 2002).  Plaintiff's action was inadvertent if (1) Plaintiff lacks knowledge of the undisclosed claims, or (2) Plaintiff has no motive for concealment. *Id.*  Both parties agree that Plaintiff benefitted from failing to list her discrimination charge on the bankruptcy petition.  Plaintiff argues that her actions were inadvertent; Defendant disagrees.

Plaintiff argues that she thought her charges of discrimination were merely to start an investigation and did not know they were administrative proceedings. Plaintiff argues that there is a question of material fact as to whether Plaintiff intended to manipulate the judicial system.  *See Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1346 (11th Cir. 2006). However, *Ajaka* is distinguishable because, in *Ajaka*, all the creditors in the bankruptcy were fully aware because of a related adversary proceeding of plaintiff's pending claim despite the failure to list it on the petition. *Id.*  Defendant cites numerous cases with facts more similar to this case where it was found that the Plaintiff's inconsistencies were found to be deliberate. *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282 (11th Cir.

2002)(Plaintiff amended his petition when converting chapter 7 bankruptcy to chapter 13 bankruptcy but failed to include pending discrimination claim in district court); *De Leon v. Comcar Industries, Inc.,* 321 F.3d 1289 (11th Cir. 2003)(Plaintiff filed petition for bankruptcy omitting discrimination charge with the EEOC); *Casanova v. Pre Solutions, Inc.*, 228 Fed. Appx. 837 (11th Cir. 2007)(Plaintiff filed petition for bankruptcy omitting two discrimination charges with the EEOC).

The complaint alleges that more than 180 days have passed since Plaintiff filed "charges" with the Florida Commission on Human Resources showing she knew there was a connection between this suit and the charges with the Florida Commission on Human Resources.  An "investigation" is not mentioned on the form Plaintiff filed out to file discrimination charges against Defendant.  In fact, the form states, "I want this charge filed with both the EEOC and the State or local Agency, if any…I will cooperate fully with them in the processing of my charge in accordance with their procedure."  Furthermore, Plaintiff's amended her bankruptcy petition four times, but each time failed to disclose her pending discrimination charges.  In light of all this activity, Plaintiff's actions were clearly not inadvertent.

Plaintiff's omission of the discrimination charges against Defendant with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission on Plaintiff's petition for bankruptcy is an inconsistency calculated to make a mockery of the judicial system. Therefore, judicial estoppel applies and summary judgment is appropriate.

Judicial estoppel bars Plaintiff from pursuing claims for monetary damages but does not prohibit claims for reinstatement. *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1289 (11th Cir. 2002); *Barger v. City of Cartersville*, 348 F.3d 1289, 1297 (11th Cir. 2003). The complaint alleges, "Plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation…" Front pay cannot be recovered along with reinstatement. In Plaintiff's Memorandum of Law in Support of Motion to Remand (Doc. 15), Plaintiff points out that she currently holds a full-time job with a substantially higher hourly rate than she earned when working part-time for Defendant. It is clear by the peculiar wording of the complaint, where she mentions reinstatement only parenthetically, and Plaintiff's current employment that she is not interested in reinstatement.

## IV. CONCLUSION

Defendant Dolgencorp, Inc.'s Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 27) is GRANTED.  The clerk is directed to close the file.

**ORDERED** on December 10, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**